IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, # 09011275, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1376-K |
| | § | |
| BRONC McCOY, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge for Pretrial Management |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the court is Plaintiff's motion to amend the complaint filed on February 26, 2010 (Doc. #42). While the motion reiterates the claims asserted in the original complaint, it seeks to add as defendants the City and County of Dallas because they are "responsible for employ[ment] of city employees," namely the three Dallas Police Officers named as defendants in the original complaint. (*See* Proposed Amd. Compl. at 2).

Once a responsive pleading has been filed, Fed. R. Civ. P. 15(a)(2) provides that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227

(1962) (futility of amendment is adequate justification to refuse to grant leave to amend); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Plaintiff's motion for leave to amend should be denied as futile. Plaintiff seeks to sue the City and County of Dallas on a theory of vicarious liability. Plaintiff cannot sue a local government entity or a municipality, such as the City of Dallas or the County of Dallas, under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Instead, liability may be imposed only where the government entity or municipality itself causes the constitutional violation at issue. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404, 117 S. Ct. 1382, 1387-88 (1997); *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989); *Piotrowski v. Houston,* 237 F.3d 567, 578 (5th Cir. 2001). Here it is clear that Plaintiff only seeks to sue the City and County of Dallas on a theory of vicarious liability, claiming they are ultimately responsible for the action of its police officers.

Plaintiff cannot allege "enough facts to state a claim to relief that is plausible on its face" against the City and County of Dallas. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1953 (2009) (extending *Twombly* plausibility standard to all cases, not just anti-trust cases); *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) (per curiam) (addressing *Twombly* in the context of a *pro se* prisoner's complaint and concluding that prisoner had properly alleged that he suffered substantial harm under Rule 8(a)). Accordingly, Plaintiff's motion for leave to

amend should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for leave to amend (Doc. # 42) be DENIED.

Signed this 30th day of March, 2010.

*WM. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.