IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MITCHELL, #1600589, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1376-K |
| | § | |
| BRONC McCOY, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a *pro se* prisoner.

Parties: Plaintiff Charles Mitchell ("Mitchell") is presently incarcerated at the Lindsey Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Jacksboro, Texas. Defendants are Dallas Police Officers Bronc McCoy, Jonathan Walker, and Brian Emerson. The court issued process in this case.

Statement of Case: The complaint, as supplemented by the answers to the magistrate judge's questionnaire, alleges Defendants falsely arrested Plaintiff and unlawfully seized evidence from his person when they forcefully removed him from his wife's residence on February 11, 2009. The complaint further alleges Defendants used excessive force when they

allegedly "performed an arm bar take down" on Plaintiff, a disabled person, aggravating a previous neck injury. On March 25, 2010, Defendants filed a motion for partial summary judgment.

Findings and Conclusions: Defendants contend Plaintiff's false arrest claim calls into question the validity of his guilty plea conviction and, as such, is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87.

Plaintiff pled guilty, pursuant to a plea agreement, to unlawful possession with intent to deliver cocaine and was sentenced to seven years imprisonment and a $2,500 fine. *See State v. Mitchell*, F09-51437 (204th District Court, Dallas County). (Defs.' App. at 3-7.)

In *Brown v. Duluth*, 225 Fed. Appx. 803, 805-07 (5th Cir. 2007) (unpublished per curiam), the U.S. Court of Appeals for the Fifth Circuit held that an arrestee's conviction following a guilty plea does not preclude him under *Heck* from bringing a § 1983 claim that he was arrested without probable cause. In so holding, the Fifth Circuit concluded that "because a valid conviction may follow an illegal arrest, a successful § 1983 unlawful arrest action does not necessarily imply the invalidity of an underlying conviction." *Id.* at 806 (summarizing Fifth Circuit and out circuit precedent). As a matter of fact, the Supreme Court in *Heck* explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal

2

>  trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrine like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n. 7 (internal citations omitted).

In pleading guilty, Plaintiff did not waive his § 1983 claim that he was arrested without probable cause. In *Haring v. Prosise*, 462 U.S. 306, 320-01 (1983), the Supreme Court held that a plaintiff's guilty plea does not constitute "a 'waiver' of antecedent Fourth Amendment claims" in a § 1983 action. The court explained that a "defendant's rights under the Fourth Amendment are not among the trial rights that he necessarily waives when he knowingly and voluntarily pleads guilty." *Id.* Indeed, "[t]he existence of probable cause and a finding of guilt are two distinct issues." *Brown*, 225 Fed. Appx. at 805 (quoting *Reynolds v. Jamison*, 488 F.3d 756, 766 (7th Cir. 2007)). Accordingly, Defendants' motion for partial summary judgment should be denied with respect to Plaintiff's arrest and search and seizure claims.

Defendants also seek summary judgment on Plaintiff's official capacity claims. To the extent Plaintiff sues the defendants police officers in their official capacities, his claims are treated as claims against their employer, the City of Dallas. It is well established that, when an employee of a governmental entity is sued in his official capacity, the governmental entity is the real party in interest. *See Hafer v. Melo*, 502 U.S. 21, 25-26 (1991) (a suit against an official in his official capacity is not a suit against the official, but a suit against the official's office and the governmental entity or the state for which the official is an agent); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (same).

A municipality cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691-

...

92 (1978). Instead, liability may be imposed only where the county itself causes the constitutional violation at issue. *Id.* To prevail on a § 1983 claim against a municipality, the plaintiff must therefore demonstrate that the city acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution. *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404 (1997).

Plaintiff's complaint and answers to the magistrate judge's questionnaire are devoid of any allegations establishing a nexus between any unconstitutional act and the City of Dallas. Mitchell has not alleged the presence of any policy or a custom. Thus, the Defendants, sued in their official capacities, are entitled to judgment as a matter of law.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion for partial summary judgment (Doc. #47) be DENIED in part with respect to Plaintiff's arrest and search and seizure claims, and that it be GRANTED in part with respect to Plaintiff's official capacities claims against Defendants Bronc McCoy, Jonathan Walker, and Brian Emerson, sued in their official capacities.

Defendants' counsel is placed on NOTICE that all future mailings/correspondence to

---

[1] The District Court recently denied as futile Plaintiff's motion for leave to amend the complaint to add as defendants the City and County of Dallas under a theory of vicarious liability, i.e. *respondeat superior.* *See* April 29, 2010 order accepting, findings, conclusions and recommendation denying motion for leave to amend (Doc. # 55).

Plaintiff must include his prisoner identification number (#1600589) to ensure proper delivery to him.

Signed this 13th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.